**B9E (Official Form 9E)** (Chapter 11 Individual or Joint Debtor Asset Case) (12/07)

# UNITED STATES BANKRUPTCY COURT Central District Of California

## Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 11 bankruptcy case concerning the debtor(s) listed below was filed on December 14, 2010.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 3420 Twelfth Street, Riverside, CA 92501−3819**

NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (name(s)and address):
James Renick
25856 Marco Polo Street
Murrieta, CA 92563

**Case Number:**
**6:10−bk−50123−TD**

| | |
|---|---|
| All other names used by the Debtor(s) in the last 8 years (include married, maiden, and trade names):<br>Debtor:<br>Joint Debtor: | Last four digits of Social Security or Individual Taxpayer−ID (ITIN) No(s)./Complete EIN:<br>Dbt SSN: xxx−xx−6910 |
| Attorney for Debtor(s) (name and address):<br>Michael T Pines<br>Pines & Associates<br>732 N Coast Highway 101 Ste B<br>Encinitas, CA 92024<br>Telephone number: 760−642−0414 | Bankruptcy Trustee (name and address):<br>none |

## Meeting of Creditors:

Date: **January 31, 2011** Time: **02:30 PM**
Location: **3685 MAIN ST STE 300, RIVERSIDE, CA 92501−2804**

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
Notice of deadline will be sent at a later time.

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to File a Complaint to Determine Dischargeability of Certain Debts: April 1, 2011**

**Deadline to File a Complaint Objecting to Discharge of the Debtor:**
*First date set for hearing on confirmation of plan. Notice of that date will be sent at a later time.*

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your right in this case.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>U. S. Bankrupcty Court<br>3420 Twelfth Street,<br>Riverside, CA 92501−3819<br>Telephone number: 951−774−1000 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Kathleen J. Campbell |
| Hours Open: 9:00 AM − 4:00 PM | Date: December 17, 2010 |
| **(Form rev. 12/07:341−B9E)** | 8/CBG |

# EXPLANATIONS

**B9E (Official Form 9E)(12/07)**

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend at the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is *not* listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you file a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all *or* if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file a Proof of Claim. If a deadline is set, you will be sent another notice. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | Confirmation of a Chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code §1141(d). Unless the court orders otherwise, however, the discharge will not be effective until completion of all payments under the plan. A discharge means that you may never try to collect the debt from the debtor except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §1141(d)(3), you must file a complaint with the required filing fee in the bankruptcy clerk's office not later than the first date set for the hearing on confirmation of the plan. You will be sent another notice informing you of that date. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to Chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the **U. S. Bankruptcy Court, 3420 Twelfth Street, Riverside, CA 92501−3819** You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office at the address listed above. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Bankruptcy Fraud and Abuse | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 3685 Main Street, Suite 300, Riverside, CA 92501. |

**−− Refer to Other Side for Important Deadlines and Notices −−**